JOURNAL ENTRY AND OPINION
{¶ 1} Keith Coopwood appeals from an order of the trial court classifying him as a sexual predator. He claims the finding is not supported by sufficient evidence. We affirm.
 {¶ 2} The record reveals that in the summer of 1985, Coopwood went to a female co-worker's house to socialize. After staying a few hours, he left to meet another friend. He and his friend then snorted cocaine and smoked sheba, or marijuana soaked in formaldehyde, until late evening.
 {¶ 3} Later that same night, Coopwood went back to the coworker's house, apparently climbing through a broken window, and entered her daughter's bedroom. The victim awoke to find Coopwood standing over her with a knife. When she began to scream, he told her to shut up, threatened to kill her, and demanded that she remove her pants. The victim attempted to fight Coopwood and they wrestled onto the floor. However, when the victim screamed again, Coopwood repeatedly stabbed her in the face, hands, and body, leaving her permanently scarred. After hearing someone coming towards the bedroom, Coopwood ran from the house. The police were called and the victim positively identified Coopwood as her assailant and he was arrested.
 {¶ 4} In June 1985, Coopwood was indicted on one count of aggravated burglary with specifications, in violation of R.C. 2911.11, one count of attempted rape with specifications, in violation of R.C. 2907.02 and R.C. 2923.02, and one count of felonious assault with specifications, in violation fo R.C. 2903.11. He pleaded guilty to the charges; however, count two, rape with specifications, was nolled. He was sentenced to a term of ten to twenty-five years for aggravated burglary and eight to fifteen years for felonious assault, sentences to run concurrently.
 {¶ 5} Following a request from the Ohio Department of Rehabilitation and Corrections, a sexual predator determination hearing was held in March 2004. The proceedings were bifurcated into a primary hearing to classify the underlying charge of felonious assault as a sex offense, and a secondary hearing to determine Coopwood's status as a sex offender.
 {¶ 6} In late March 2004, the court found that the felonious assault charge was in fact a sex offense and scheduled a sexual predator determination hearing for the following month.
 {¶ 7} Following arguments from both Coopwood and the State, the trial court found that Coopwood was a sexual predator. He appeals from this determination in a single assignment of error which states:
"The evidence is insufficient to sustain a finding that the appellantis a sexual predator."
 {¶ 8} Coopwood claims error in the trial court's determination because the record lacks evidence that he was likely to reoffend.
He further claims that his predator classification was based on his past convictions alone, which are insufficient to predict any future behavior.
 {¶ 9} R.C. 2950.01(E)(1) defines a sexual predator as:
"(1) The person has been convicted of or pleaded guilty to committing asexually oriented offense that is not a registration-exempt sexuallyoriented offense and is likely to engage in the future in one or moresexually oriented offenses."
 {¶ 10} Before making a final determination as to an offender's status, the trial court must determine by clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengle (1991),58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus. It is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. In re Soeder's Estate
(1966), 7 Ohio App.2d 271, 310.
 {¶ 11} As held by the Ohio Supreme Court, "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger (2001), 91 Ohio St.3d 158, 166,2001-Ohio-247. See, also, State v. Russell (Apr. 8, 1999), Cuyahoga App. No. 73237; State v. Casper (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063. R.C. 2950.09(B)(3) sets forth the following factors to be considered when determining whether an offender is a sexual predator:
"In making a determination under divisions (B)(1) and (4) of thissection as to whether an offender or delinquent child is a sexualpredator, the judge shall consider all relevant factors, including, butnot limited to, all of the following: (a) The offender's or delinquentchild's age; (b) The offender's or delinquent child's prior criminal ordelinquency record regarding all offenses, including, but not limitedto, all sexual offenses; (c) The age of the victim of the sexuallyoriented offense for which sentence is to be imposed or the order ofdisposition is to be made; (d) Whether the sexually oriented offense forwhich sentence is to be imposed or the order of disposition is to be madeinvolved multiple victims; (e) Whether the offender or delinquent childused drugs or alcohol to impair the victim of the sexually orientedoffense or to prevent the victim from resisting; (f) If the offender ordelinquent child previously has been convicted of or pleaded guilty to,or been adjudicated a delinquent child for committing an act that ifcommitted by an adult would be, a criminal offense, whether the offenderor delinquent child completed any sentence or dispositional order imposedfor the prior offense or act and, if the prior offense or act was a sexoffense or a sexually oriented offense, whether the offender ordelinquent child participated in available programs for sexualoffenders; (g) Any mental illness or mental disability of the offender ordelinquent child; (h) The nature of the offender's or delinquent child'ssexual conduct, sexual contact, or interaction in a sexual context withthe victim of the sexually oriented offense and whether the sexualconduct, sexual contact, or interaction in a sexual context was part of ademonstrated pattern of abuse; (i) Whether the offender or delinquentchild, during the commission of the sexually oriented offense for whichsentence is to be imposed or the order of disposition is to be made,displayed cruelty or made one or more threats of cruelty; (j) Anyadditional behavioral characteristics that contribute to the offender'sor delinquent child's conduct."
 {¶ 12} Prior to conducting the hearing, Coopwood requested an evaluation from the Court Psychiatric Clinic, which the court granted. The court then advised the parties that the evaluation was solely for Coopwood's benefit and, therefore, the results would remain confidential unless Coopwood decided to share the evaluation with the State and the trial court. The court advised the State that if it wished its own evaluation, it would have to pay for it at the State's expense. The State objected, but the court nonetheless allowed Coopwood to keep the results of the evaluation confidential. The State then chose not to pursue a second sexual predator evaluation.
 {¶ 13} Prior to the hearing, several items were introduced into evidence, which included: Coopwood's supervision review forms, his mental health information provided by MaryAnn Chee, Ph.D., Coopwood's presentence reports, the Institution H.B. 180 summary packet, his job and lock assignments and a psychological summary. In addition, the court had a transcript of the victim's testimony from the May 1985 hearing.
 {¶ 14} At the hearing, the State presented evidence of Coopwood's lengthy criminal history, specifically referencing his prior sex offense, committed in 1973, when Coopwood was 21 years old. Coopwood had violated a prior furlough release and a warrant was issued for his arrest. Coopwood was ultimately found after he abducted a women from her place of employment, demanded her jewelry, and then forced her into the back seat of the car where he raped her.
 {¶ 15} Following a jury trial, Coopwood was convicted on charges of abduction for immoral purposes, rape, and armed robbery. He received an aggregate sentence of eleven to fifty-five years and was granted final release in October 1982.
 {¶ 16} After his release, Coopwood was again convicted, this time of illegal possession of stolen goods. The following year, and at the age of 33, Coopwood then committed the underlying crime of a sexually motivated felonious assault against his co-worker's daughter.
 {¶ 17} After hearing arguments from both Coopwood and the State, the court specifically noted on the record that although Coopwood was now 51 years old, he had a long criminal record of committing violent crimes, including one prior sex offense. Tr. at 38. The court found that, while there was no evidence of mental illness or disability, and no pattern of behavior for the current offense, Coopwood's actions nonetheless demonstrated cruelty. Tr. at 39. The court found that Coopwood "attempted to get his victim to submit by flailing away at her with a knife and they were in a partially — they were in a dark room with only a partial amount of light, and it would appear that Mr. Coopwood was simply stabbing his victim indiscriminately." Tr. at 39. The court then reiterated that the victim had scarring over her body and that she had lost most of the use of her hands due to the depth of the knife cuts. The court found that the crime was an "exceedingly tragic situation and exhibited enormous cruelty." Tr. at 39-40. In addition, the court noted Coopwood's contention that he was under the influence of drugs and found that his lack of self-control and his committing violent crimes "exceedingly troublesome." Tr. at 41. Moreover, the record indicates that the trial court addressed each factor as outlined in R.C. 2950.09(B)(3). Tr. at 38-41.
 {¶ 18} While Coopwood relies heavily on the lack of a psychological report to predict his likelihood of reoffending, R.C. 2950.09(B) does not mandate expert witnesses or psychological evaluations. Expert testimony may be offered by either party at the hearing required by R.C.2950.09(B)(1), but such testimony is not mandatory. The statute does not require such evidence, and further, even the presentation of such evidence would not require the court to adopt the expert's recommendation. Russell, supra. See, also, State v. Watts (May 5, 1998), Montgomery County App. No. 16738.
 {¶ 19} Coopwood also takes issue with any inference that past behavior is indicative of a likelihood of future offenses, but we note that although the trial court is required to utilize the factors set forth in R.C. 2950.09(B)(2), it is not required to point specifically to the factors it believed would lead the offender to reoffend. Russell, supra. "It is sufficient for us to examine the record and determine if clear and convincing evidence existed." Russell, supra.
 {¶ 20} It is clear from the record that the court found that the evidence presented at the sexual predator hearing substantiated the trial court's belief that Coopwood was a sexual predator and likely to reoffend.
 {¶ 21} This assignment of error lacks merit.
 {¶ 22} The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., And Dyke, J., Concur.